U.S. DISTRICT COURT OF RHODE ISLAND

JAIME J. CORES (PROSE)
37 SIBLEY STREET
PROVIDENCE, RHODE ISLAND 02907

CA 05 313M

V.

JAMES C. CARLETON, MS (IN HIS CAPACITY AS CODAC BEHAVIORAL HEALTHCARE)
DIRECTOR OF OPIOID TREATMENT SERVICES
1052 PARK AVENUE,CRANSTON, RI 02910

INJUCTIONS RELIEF AND LAWSUIT

TO THIS HONORABLE COURT, THIS IS TO LET YOU KNOW THAT CODAC 11 HAS DISCRIMINATED AGAINST ME FOR HAVING A SUBSTANCE ABUSE ILLNESS. I ONLY WANTED TO DOSE OUT OF THE STATE AS PART OF MY SUBSTANCE ABUSE TREATMENT, THEY REFUSED TO LET ME DOSE OUT OF STATE, I TOLD THEM THAT I CANNOT BE HERE WEDNESDAY JULY 20TH BECAUSE I HAVE TO GO PICK UP MY BROTHER IN LAW, IN PHILADELPHIA, WHO IS GETTING RELEASE FROM PRISON AT 8AM AND MUST COME TO A HALFWAY HOUSE WITHIN 8HRS. I WILL NOT BE BACK ON TIME. I WAS TOLD TO SIGN RELEASE PAPERS THIS WAS FRIDAY JULY 15TH, JOHN SARDELLI TOLD ME TO DO IT OVER THE WEEKEND OR MONDAY, I WENT SATURDAY, THEY TOLD ME TO WAIT FOR MY COUNSELOR MONDAY. I ASK AGAIN SUNDAY, I ASK AGAIN MONDAY THEY REFUSED TO LET ME SIGN THE PAPERS. THEY ARE NOT A REHABILITATION PROGRAM FOR THE PEOPLE BECAUSE THEY COME UP WITH DIFFERENT EXCUSES, AND CHANGE POLICIES CONTINUOUSLY WITHOUT CLIENTS KNOWLEDGE. THEY KNOW I AM GOING TO MISS DOSIS ON WEDNESDAY YET THEY DON'T CARE AT ALL, AND TOLD ME INSTEAD THAT IF I MISS DOSIS ON WEDNESDAY THAT IT WILL COUNT AGAINST ME. BUT THEY ARE NOT DOING ANYTHING TO HELP ME NOT TO MISS THE DOSIS. I WANT TO BRING THE LAWSUIT AND I HAVE ANOTHER ISSUE THAT HAPPENED WHILE IN FLORIDA, I WANT TO INCLUDE THIS FLORIDA ISSUE IN THE LAWSUIT AS WELL, I ALSO WANT TO REQUEST PAIN AND SUFFERING IN THE AMOUNT OF $300,000.00 FOR THE MOST RECENT ISSUE, SO THAT THEY WILL UNDERSTAND THAT PEOPLE THAT HAVE ILLNESSES SHOULD NOT BE DISCRIMINATED AGAINST. I ALSO WANT THEM TO MAKE PEOPLE SIGN CONTRACT INSTEAD OF CHANGING THE POLICIES ON A CONTINOUS BASIS, IF THEY WERE GOING TO TREAT ME THIS WAY, OUT OF RESPECT FOR THE PEOPLE WHO ARE DISABLED OR HAVE SUBSTANCE ABUSE ISSUES, WE TOO DESERVE TO KNOW WHAT WILL HAPPEN TO US IF WE DECIDE TO GO TO A SUBSTANCE ABUSE PROGRAM. BECAUSE RIGHT NOW I AM NOT ABLE TO GO OUT ON VACATION OR IF A FAMILY MEMBER DIES I CAN FORGET

ABOUT VISITING MY FAMILY BECAUSE THEY WILL NOT DOSE ME OUT OF THE STATE. I AM TRAP, I FEEL THAT I AM IN JAIL, IN HOMECONFINMENT AND IN PROBATION ALTHOUGH I AM IN AMERICA, THE LAND OF THE FREE AND WERE THE CONSTITUTION PROTECTS PEOPLE AGAINST THIS SORT OF ABUSE. MY CONSTITUTIONAL RIGHTS HAS BEEN VIOLATED LEFT AND RIGHT BY THIS PEOPLE WHO ARE SUPPOSED TO BE RECEIVING MONEY FOR THE STATE AND FOLLOWING FEDERAL LAWS, IN ORDER TO HAVE SUCH A PROGRAM. HIPPA LAW WAS ESTABLISH BY THE FEDERAL GOVERNMENT IN ORDER TO PROTECT PATIENT CONFIDENTIALITY, AND I BELIEVE THAT THIS PROGRAM SHALL ALSO BE MANDATED TO HAVE POLICIES THAT ARE ACCESSABLE BY THE PEOPLE WHO ARE SERVED BY THIS TYPES OF CLINICS. THIS I WANT TO MAKE PART OF THIS LAWSUIT. I ALSO WANT THIS HONORABLE COURT TO HEAR MY CASE AND LET A JURY DECIDE ON THIS CASE WHEN IT GOES TO TRIAL, I ALSO WANT TO ASK THIS COURT FOR AN INJUCTION RELIEF IN CASE I NEED TO GO OUT OF THE STATE, SO THAT I CAN DOSE IN NEWYORK, IN PUERTO RICO OR ELSEWHERE.

I JAIME J. CORES (PROSE) CERTIFY THAT I SEND A COPY OF THIS INJUNCTION RELIEF TO JAMES C. CARLETON (IN HIS CAPACITY AS CODAC BEHAVIORAL HEALTHCARE DIRECTOR OF OPIOID TREATMENT SERVICES.)

SIGNATURE,

JAIME J. CORES

Jaime J. Cores