UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAIME J. CORES | : | |
| | : | |
| | : | |
| v. | : | C.A. No. 05-313ML |
| | : | |
| JAMES CARLETON, in his capacity as | : | |
| Director of Opioid Treatment Services | : | |
| at CODAC II | : | |

**MEMORANDUM AND ORDER**

On July 18, 2005, Plaintiff Jaime J. Cores filed a Complaint for "Injunctions Relief" (Document No. 1) and an Application to Proceed Without Prepayment of Fees (*In Forma Pauperis* or "IFP") (Document No. 2). This Court has reviewed Plaintiff's Application to Proceed IFP, which indicates that he receives social security benefits of $725.00 per month and has no other assets. Upon the basis of the Plaintiff's sworn statements, the Court GRANTS his Application to Proceed IFP.

Further, this Court has reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(c)(2), which requires that the Court to screen cases filed IFP, and dismiss a case *sua sponte* if, for example, the case is frivolous, or fails to state a claim upon which relief may be granted. The Court has carefully considered the allegations made in Plaintiff's Complaint, since this case is factually similar to a previous proceeding brought by this Plaintiff against CODAC. That case, Cores v. Sardelli, 05-76T, was dismissed *sua sponte* pursuant to 28 U.S.C. § 1915 for lack of federal jurisdiction and failure to state a claim upon which relief could be granted.

Plaintiff's Complaint alleges that he is a participant in the methadone program operated by CODAC Behavioral Healthcare and has been denied methadone "take-home" privileges to allow him to travel for personal reasons. Although the previous case alleged similar facts, in the present case, Plaintiff alleges that CODAC's failure to provide him with take-home privileges constitutes disability discrimination in violation of the Americans with Disabilities Act, and he requests an injunction allowing him those privileges, and an award of $300,000.00 in damages for pain and suffering. Plaintiff also makes a vague claim under the Health Insurance Portability and Accountability Act ("HIPPAA"). This Complaint, therefore, contains several additional legal claims that prevent *sua sponte* dismissal. This Court expresses no opinion as to the legal merits of Plaintiff's Complaint, but simply finds that at this stage, reviewing Plaintiff's *pro se* allegations liberally, taking all of his allegations as true and drawing all reasonable inferences in his favor, the Complaint is sufficient to withstand the Court's screening process under 28 U.S.C. § 1915(c)(2).

LINCOLN D. ALMOND
United States Magistrate Judge
August 3, 2005