UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAIME J. CORES | : | |
| | : | |
| | : | |
| v. | : | C.A. No. 05-313ML |
| | : | |
| JAMES CARLETON, in his capacity as | : | |
| Director of Opioid Treatment Services | : | |
| at CODAC II | : | |

**REPORT AND RECOMMENDATION**

On July 18, 2005, Plaintiff, Jaime J. Cores, filed a *pro se* Complaint for "Injunctions Relief" (Document No. 1) and an Application to Proceed Without Prepayment of Fees (In Forma Pauperis or "IFP") (Document No. 2). The Court has granted his IFP Application. (Document No. 3). Defendant has moved to dismiss the action. (Document No. 4).

Plaintiff's Complaint alleges that he is a participant in the methadone program operated by CODAC Behavioral Healthcare ("CODAC") and has been denied the privilege to "dose out of state," which would have allowed him to travel to Philadelphia on July 20, 2005 for personal reasons. He alleges that CODAC's failure to provide him with the privilege constitutes discrimination, and he requests an injunction allowing him to "dose out of state," and an award of $300,000.00 in damages for pain and suffering. Plaintiff also includes a vague claim regarding the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. § 1320d, et. seq. Plaintiff names Mr. James Carleton, in his capacity as the Director of Opioid Treatment Services at CODAC II located at 349 Huntington Avenue, Providence, Rhode Island, as the Defendant.

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); Local R. 32(c). A hearing was held on September 29, 2005. After reviewing the Memoranda submitted, listening to the arguments and conducting my own independent research, I recommend that Defendant's Motion to Dismiss (Document No. 4) be GRANTED.

**Background**

This is the second proceeding brought by this Plaintiff against a Director of CODAC. The first case, C.A. No. 05-76T, concerned similar issues regarding Plaintiff's methadone "take home" privileges. The crux of the previous lawsuit, like this lawsuit, is Plaintiff's desire to have more freedom in his methadone treatment program and his allegation that the rules in place at CODAC are unfair as applied to him. The previous case was dismissed sua sponte for lack of federal jurisdiction. In this case, Defendant has moved to dismiss the entire Complaint arguing that the Court lacks subject matter jurisdiction, that the action is frivolous and that the Complaint fails to state a claim since the Defendant "does not have the authority to fashion a remedy." Defendant also argues that this Court's previous Report and Recommendation supports the dismissal of the present action. Although the case is similar to Plaintiff's previous attempt to obtain relief in this Court, the issues presented vary slightly, and require brief discussion.

**Discussion**

This Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, the Complaint fails to state a claim on which relief may be granted.

**A. Discrimination Claim**

As noted above, Plaintiff's Complaint for "Injunctions Relief" simply indicates that CODAC "discriminated against [him] for having a substance abuse illness," that he has been denied privileges by CODAC, and that CODAC "come[s] up with different excuses and changes policies continuously." Plaintiff claims on the Civil Cover Sheet to his Complaint, "I am being discriminated against for substance abuse illness and being disabled," and notes that his claim is brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et seq.

The ADA provides no remedy for Plaintiff since he has failed to claim that he is subjected to special or different rules because of his alleged disability. In short, Plaintiff has not alleged any disparate treatment. Plaintiff does not allege that the rules he has complained of are not applied equally to all participants in the CODAC program. Even if Plaintiff made that allegation, it would not state an ADA disparate treatment claim since the participants in CODAC's program necessarily are suffering from the same or substantially the same substance abuse illness as is Plaintiff.

It appears from Plaintiff's Complaint that his ADA discrimination claim focuses on the practical restrictions on his freedom of movement imposed by his voluntary participation in CODAC's methadone program as compared to individuals who are not receiving methadone treatment. Again, Plaintiff has not properly stated an ADA disparate treatment claim since he cannot show that these individuals are similarly situated to him. Furthermore, as set forth below, the methadone program conducted by CODAC is strictly regulated by federal and state law. Because he has not alleged any disparate treatment, I recommend that his ADA discrimination claim be dismissed.

**B. Availability of Injunction for "Dosing out of State"**

Having recommended dismissal of his ADA claim, the Court next turns to whether it has the authority to compel CODAC to assist Plaintiff with his desire to "dose out of state" when he travels for personal reasons. After a review of the strict federal and state regulations which apply to CODAC, the Court concludes that CODAC is primarily responsible for making the determination as to the treatment of each of its patients. Methadone programs such as the one operated by CODAC are subject to strict state and federal regulations. For instance, the U.S. Department of Health and Human Services has promulgated regulations governing such programs, and, in particular, the standards for patient admission criteria, granting "take-home" privileges, and "administration, dispensing, and use" of methadone and other medication. See 42 C.F.R. § 8.12. These regulations provide the standards that programs such as CODAC must follow.

Moreover, program participants such as Plaintiff simply do not have a private right to enforce these regulations in federal court. See Cushing v. Moore, 783 F. Supp. 727, 735-39 (N.D.N.Y.), aff'd in relevant part, 970 F.2d 1103, 1106 (2nd Cir. 1992) (reasoning that there is nothing in either the enabling legislation or regulations creating a private cause of action for enforcement, and primary regulatory purpose is to protect the public from misappropriation and misuse of methadone and not the treatment provided to recovering addicts). Plaintiff has voluntarily entered CODAC's program to help overcome his addiction and should be commended for doing so. However, having chosen to embark on this course of treatment, Plaintiff has no legal basis to ask this Court to intervene and micro-manage CODAC's treatment decisions. Accordingly, I recommend that Plaintiff's request for an injunction be dismissed.

**C. HIPAA Claim**

Like his motion for an injunction, Plaintiff's HIPAA claim is not cognizable and must be dismissed. Plaintiff simply does not have standing to bring a HIPAA enforcement action. See Valentin Munoz v. Island Finance Corp., 364 F. Supp. 2d 131, 136 (D.P.R. 2005) (stating, "the law specifically indicates that only the Secretary of Health and Human Services or other authorized state authorities may bring forth a HIPAA enforcement action").

**D. Restriction of Right to Travel**

Finally, one of the central themes in Plaintiff's Complaint centers on his claimed restrictions on his right to travel, and his concern regarding "emergency" situations when he will be required to travel for various personal reasons. These arguments are unpersuasive. Overall, Plaintiff's right to travel is no more restricted than many other individuals with health issues, such as people who require kidney dialysis, a condition that necessitates advance planning and preparation.

Plaintiff has voluntarily enrolled in CODAC in order to help him overcome his addiction to opiates. He cannot now claim that the policies and procedures set up at a voluntary rehabilitation center are unlawfully restricting his right to travel. Again, this Court commends Plaintiff's efforts to overcome his substance abuse illness and recognizes that Plaintiff will no doubt encounter many limitations and hardships in doing so. However, these limitations and hardships are not caused by CODAC, but ultimately are the result of Plaintiff's addiction. Only by overcoming and controlling his addiction will Plaintiff be able to free himself of these burdens. This Court sincerely hopes that Plaintiff achieves his goal.

**Conclusion**

For all these reasons, I recommend that Defendant's Motion to Dismiss (Document No. 4) be GRANTED and Plaintiff's Complaint be dismissed in its entirety. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
October 13, 2005